IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC SHRUM, | : | Civil No. 3:20-cv-444 |
| Plaintiff | : | |
| v. | : | (Judge Mariani) |
| CHERRI STEMPIEN, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Eric Shrum ("Shrum"), an inmate who was housed at all relevant times at the State Correctional Institution, Retreat, in Hunlock Creek, Pennsylvania ("SCI-Retreat"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Docs. 1, 7). Named as Defendants are Dr. Robert Carey and Dr. Jeanne Rinehouse (together, the "medical Defendants"), and several individuals employed by the Pennsylvania Department of Corrections ("DOC"). Presently pending before the Court is the medical Defendants' motion (Doc. 17) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Shrum failed to respond to the medical Defendants' motion and the time for responding has now passed.[1] Therefore, the motion is deemed unopposed and ripe for resolution. For the reasons set forth below, the Court will grant the medical Defendants' motion to dismiss.

---

[1] Shrum was directed to file a brief in opposition to the medical Defendants' motion and was admonished that failure to file an opposition brief would result in Defendants' motion being deemed unopposed. (Doc. 25) (citing M.D. PA. LOCAL RULE OF COURT 7.6). (*See also* Doc. 6, Standing Practice Order in Pro Se Plaintiff Cases, at 2).

## I. Allegations of the Complaint and Supplement[2]

Defendant Dr. Rinehouse is a psychiatrist at SCI-Retreat. (Doc. 7 ¶ 10). Defendant Dr. Carey is the head of psychology at SCI-Retreat and is responsible for all psychologists at the facility. (*Id.* at ¶ 12). Shrum alleges that the medical Defendants were deliberately indifferent to his medical needs, in violation of the Eighth Amendment, for failing to properly treat his mental health condition. (*See* Doc. 7).

Shrum alleges that in February 2018, his psychiatric medication "plateaued and stopped working properly." (Doc. 7 ¶ 15). He alleges that he is consistently depressed, has nightmares, extreme post-traumatic stress disorder ("PTSD"), and anxiety. (*Id.* at ¶ 43). Shrum claims that his current medication "does nothing for him anymore." (*Id.*). He alleges that Dr. Rinehouse refuses to change his medication, and only increases the dose, despite the fact that the medication does not work for him. (*Id.* at ¶¶ 18, 21, 43).

Shrum alleges that Dr. Carey is responsible for refusing to provide him with a "proper" psychologist, despite his requests that Dr. Carey replace Cherri Stempien, a psychologist employed at SCI-Retreat. (*Id.* at ¶¶ 4, 44). Shrum asserts that Dr. Carey knows that Stempien is not a good psychologist, does not do her job properly, and spreads rumors about Shrum's personal information. (*Id.*). Shrum alleges that Dr. Carey is

---

[2] For purposes of this Memorandum, the Court only includes the allegations pertaining to the medical Defendants.

2

responsible for Stempien's conduct because he is in charge of the entire psychiatric department. (*Id.* at ¶ 50).

For relief, Shrum requests compensatory damages in the amount of $7,000,000 and punitive damages in the amount of $5,000 from each Defendant. (Doc. 7, p. 17).

## II.  **Legal Standard**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

3

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

4

## III.  Discussion

The medical Defendants move to dismiss the complaint and supplement on two grounds: (1) failure to sufficiently plead deliberate indifference under the Eighth Amendment of the United States Constitution; and, (2) failure to exhaust administrative remedies with respect to the claims against Dr. Rinehouse.[3] (Doc. 18).

Shrum alleges that Defendants Carey and Rinehouse were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, for failing to adequately treat his mental health condition. (*See* Doc. 7). The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000). In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to establish deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The relevant inquiry is whether the defendant: (1) was subjectively deliberately indifferent (2) to the plaintiff's objectively serious

---

[3] Although the Court placed the parties on notice that it may consider exhaustion in its role as fact finder under *Small v. Camden County*, 728 F.3d 265 (3d Cir. 2013), (Doc. 26) (citing *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018)), the Court finds that the Eighth Amendment claim can be resolved on the merits, and we do not reach the medical Defendants' argument regarding exhaustion of administrative remedies.

medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the applicable Eighth Amendment analysis requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Circumstantial evidence can establish subjective knowledge on the part of the defendant if it shows that the excessive risk was so obvious that the official must have known about it. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 842). The Third Circuit has found deliberate indifference when a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*, 182 F.3d at 197.

The second prong of the Eighth Amendment inquiry is whether the plaintiff's medical needs were serious. A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). Not every condition is a serious medical need; instead, the serious medical need element contemplates a condition of urgency, namely, one that may produce death, degeneration, or extreme pain. *See id.*

Moreover, because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation. *White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional violation. *Whitley v. Albers*, 475 U.S. 312 (1986). The Supreme Court has also noted that "[l]ack of due care suggests no more than a failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986). Where a state of mind is relevant, the complaint is inadequate if it merely contains conclusory allegations describing the requisite state of mind such as "intentionally" or "recklessly" without supporting factual allegations. *Wilson v. Seiter*, 501 U.S. 294 (1991).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients, *see Young v. Kazmerski*, 266 F. App'x 191, 194 (3d Cir. 2008), and a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See White*, 897 F.2d at 108-10. Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. *See Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."); *Pearson v. Prison Health Servs.*, 850 F.3d 528, 535 (3d Cir. 2017) ("[W]hen medical care is

provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care.").

The only allegations against Defendant Dr. Rinehouse relate to Shrum's disagreement with the medical treatment provided. (*See* Doc. 7). Shrum alleges that his prescribed medication was insufficient to treat his mental health condition and that, since Dr. Rinehouse refused to provide him with different medication, Dr. Rinehouse has shown deliberate indifference to his medical needs. (Doc. 7 ¶¶ 18, 21, 43). There is no question that Shrum received some level of medical care from Dr. Rinehouse. Shrum acknowledges that Dr. Rinehouse listened to his complaints about his medication and that Dr. Rinehouse increased the dosage of his medication when the current dosage was not effective. (*Id.*). The Court concludes that Shrum's allegations amount to, at most, a disagreement with Dr. Rinehouse's decision to prescribe certain medication, and increase the dosage of the medication, instead of changing his medication as requested by Shrum. Shrum's dissatisfaction with these medical treatment decisions simply does not rise to a constitutional violation. It is well-settled that an inmate's objection to the type of medication provided by prison physicians is precisely the type of disagreement between an inmate and doctors over alternate treatment plans that falls well short of a constitutional violation. These claims are frequently rejected by the Courts. *See, e.g.*, *Whooten v. Bussanich*, 248 F. App'x 324, 326-27 (3d Cir. 2007) (upholding grant of summary judgment that medical staff was not deliberately indifferent for treating migraine headaches with other medicines

and only occasionally with the plaintiff's preferred drug); *Ascenzi v. Diaz*, 247 F. App'x 390, 391 (3d Cir. 2007) (upholding grant of motion to dismiss for failure to state a claim, finding no deliberate indifference where plaintiff was provided pain medication and antibiotics instead of narcotic pain relievers for his herniated cervical discs). The most that can be said of Shrum's claim is that it asserts that Dr. Rinehouse's professional judgment was deficient. As articulated above, this is not enough to rise to the level of a constitutional violation and courts will not second guess whether a particular course of treatment is adequate or proper. *See Parham v. Johnson*, 126 F.3d 454, 458 n.7 (3d Cir. 1997) (quoting *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)); *Spruill*, 372 F.3d at 235 (holding that "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation). Moreover, there is no indication that Dr. Rinehouse's actions were based on an ulterior motive beyond providing routine patient care. *See Spruill*, 372 F.3d at 237 (noting that in order to state a deliberate indifference claim, a plaintiff should in some way "connect[ ] his factual allegations to the alleged mental states" of the defendants). Accordingly, the Court will grant the medical Defendants' motion to dismiss the Eighth Amendment claim against Dr. Rinehouse.

With respect to Dr. Carey, Shrum alleges that he is responsible for psychologist Stempien's conduct because he is in charge of the entire psychiatric department at SCI-Retreat. (Doc. 7 ¶ 50). A claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was a prison supervisor when the incidents set forth in

the complaint occurred. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."). Additionally, any attempt by Shrum to hold Dr. Carey liable for the actions of his subordinates is essentially an assertion of *respondeat superior* liability which seeks to hold him liable based on his supervisory role. This ground of constitutional liability has been squarely rejected by the courts. *See Rode*, 845 F.2d at 1207. Nor can Shrum impose liability on Dr. Carey based upon his role in reviewing and responding to grievances. (*See* Doc. 7 ¶ 44). It has long been recognized that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond, to a prisoner's grievance, is insufficient to establish personal involvement in the underlying unconstitutional conduct. *See Rode*, 845 F.2d at 1207-1208 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); *Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) ("[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right"); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that allegations that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that

the officials and administrators were involved in the underlying allegedly unconstitutional conduct). In accordance with the foregoing, any attempt by Shrum to establish liability against Dr. Carey based upon his response to a grievance does not support a constitutional claim. See Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005). For all the foregoing reasons, the Court will grant the medical Defendants' motion to dismiss the claims against Dr. Carey.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). For the reasons set forth above, Shrum's claims against the medical Defendants are legally and factually flawed; thus, the Court concludes that curative amendment would be futile. Because the Court finds that any amendment would be futile, Shrum will not be permitted leave to file an amended complaint against the medical Defendants.

## V.  Conclusion

The Court will grant the medical Defendants' motion (Doc. 17) to dismiss. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March 4th, 2021